2611-CC00988

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JAVON EDMONDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| MERIDIAN WASTE MISSOURI, LLC, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Serve: | ) | |
| Capitol Corporate Services, Inc., | ) | |
| 222 E Dunklin, Suite 102 | ) | |
| Jefferson City, Missouri 65101 | ) | |

**PETITION**

COMES NOW, Plaintiff Javon Edmondson ("Edmondson" or "Plaintiff"), by and through his attorneys of record, and brings this cause of action against Defendant Meridian Waste Missouri, LLC ("Meridian Waste" or "Defendant").

**PARTIES, JURISDICTION AND VENUE**

1. Defendant is a Missouri corporation doing business in the state of Missouri with its principal business office address at 222 E. Dunklin, Suite 102, Jefferson City, Missouri 65101.

2. Plaintiff is a resident of St. Louis County, Missouri.

3. Plaintiff worked out of Defendant's Foristell location located at 17900 Veteran's Memorial Parkway, Foristell, Missouri 63348.

4. Plaintiff was employed by Defendant from in or about October 2022 to on or about September 27, 2024.

5. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Article 5, Section 14 of the Missouri Constitution and RSMo. § 478.070.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

6. The unlawful employment practices complained of herein were committed within St. Charles County, Missouri. Jurisdiction and venue in this Court are, therefore, proper pursuant to Mo. Rev. Stat. § 231.111.

7. Upon information and belief, Defendant employed more than 50 employees in Missouri in each of twenty (20) or more calendar weeks in 2023 and 2024.

8. Defendant has more than six (6) employees and is therefore an employer within the meaning of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010(7).

9. Defendant has more than fifteen (15) employees and is therefore an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. On or about November 1, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging unlawful discrimination, harassment, and retaliation.

11. Plaintiff's Charge of Discrimination provided the EEOC and the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial petition may be and is as broad as the scope of the investigation that could reasonably be expected to have grown out of the Charge.

12. Plaintiff received a Notice of Dismissal and Right to Sue from the MCHR on or about Jun 22, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the MCHR is attached hereto as Exhibit 1.

13. Plaintiff received a Notice of Dismissal and Right to Sue from the EEOC on or about May 19, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the EEOC is attached hereto as Exhibit 2.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

14. Plaintiff timely complied with all administrative prerequisites prior to filing this lawsuit.

**FACTUAL ALLEGATIONS**

15. Edmondson was hired by Defendant on or about August 11, 2018.

16. Edmondson voluntarily left his employment with Defendant in or about late-2020.

17. Edmondson was rehired by Defendant on or about October 17, 2022 as a Residential Helper/Trainer.

18. Edmondson's job duties primarily consisted of assisting Drivers on their routes and helping them collect and place trash in the back of the trash truck.

19. Edmondson earned $21.75 per hour.

20. Edmondson routinely worked overtime.

21. Edmondson is an African-American.

22. Edmonson is male.

23. Edmondson is a practicing Muslim.

24. Edmondson's direct supervisor was Ryan Aubuchon, Route Manager.

25. Edmondson also reported to Justin Hill, Operations Manager, and Nick Misuraca, General Manager.

26. Mr. Aubuchon, Mr. Hill, and Mr. Misuraca are all Caucasian males.

27. Throughout the tenure of his employment, Edmondson was subjected to harassment and discrimination based on his sex, race, and religion.

28. The following are examples of the harassment Edmondson was frequently subjected to throughout the course of his employment:

a. Edmondson utilized a pink bag to carry his personal belongings at work. Mr.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

Aubuchon, Mr. Misuraca, and Mr. Hill routinely criticized Edmondson for carrying a pink bag. In doing so, Mr. Aubuchon, Mr. Misuraca, and Mr. Hill, frequently called Edmondson a "sissy boy" and "faggot." These statements were made at various times from September 2023 to September 2024;

b. In or about October 2023, Mr. Aubuchon called Edmondson a "house nigger;"

c. In or about November 2023, Mr. Aubuchon again called Edmondson a "house nigger;"

d. On or about January 27, 2024, Mr. Aubuchon texted Edmondson, "wya house n***a?";

e. Almost every week throughout his employment, Mr. Misuraca told Edmondson that he (Misuraca) "was racist" and that he (Misuraca) "[did] not like black people;"

f. One day in April 2024, Mr. Aubuchon told Edmondson that it was "not [his] fault that Popeyes is not open" and that Edmondson should "just go get watermelon somewhere." This comment was made during the month of Ramadan at a time in which Edmondson was fasting pursuant to his religious practices and was made in response to Edmondson saying he needed to eat some food before the sun came up so that he could stick to his fasting regimen.

29. In or about April 2024, Mr. Misuraca called Edmondson into his office to discuss a matter.

30. To Edmondson's surprise, Mr. Aubuchon and Mr. Hill were in Mr. Hill's office.

31. In that meeting, Mr. Hill told Edmondson that he had heard that Edmondson said somebody had been calling him the n-word at work.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

32. Mr. Hill asked Edmondson who called him the n-word.

33. Feeling very uncomfortable with Mr. Aubuchon being in the room, as Mr. Aubuchon was the individual who repeatedly called Edmondson the n-word, Edmondson refused to answer and subsequently left Mr. Hill's office.

34. A few weeks later, in or about May 2024, Mr. Hill texted Edmondson to stay late at work so he could meet with Edmondson.

35. In that meeting, Edmondson reported to Mr. Hill that Mr. Aubuchon had called him the n-word.

36. Edmondson showed Mr. Hill the text message in which Mr. aubuchon referred to Edmondson as a "house n***a."

37. Mr. Hill grabbed Edmondson's phone and attempted to delete the text message.

38. Edmondson recovered his phone from Mr. Hill before Mr. Hill could delete the text message.

39. Mr. Hill then told Edmondson that he (Mr. Hill) would report this matter to Defendant's Human Resources Department on behalf of Edmondson.

40. Approximately two months later, in or about July 2024, Edmondson called Cynthia Greenbaum, Defendant's Human Resources Manager, to get an update on his reports of harassment and discrimination.

41. Ms. Greenbaum told Edmondson that she had not previously been made aware of the issue.

42. Edmondson explained that he had been routinely harassed and discriminated against because of his race and sex.

43. The following day, Defendant reassigned Edmondson to work in Defendant's

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

"yard."

44. Employees who work in the "yard" tend to work fewer hours than those who drive trucks on various routes.

45. By working in the yard, Edmondson's hours were reduced by approximately fifty percent.

46. As such, Edmondson's take-home pay was reduced.

47. Until he was terminated, Edmondson frequently called Defendant's Human Resources Department seeking an update on his complaints.

48. Defendant never provided an update to Edmondson on the status of his complaints.

49. Defendant terminated Edmondson on or about September 27, 2024.

50. On or about November 1, 2024, Edmondson filed a Charge of Discrimination with the EEOC alleging unlawful discrimination, harassment, and retaliation.

51. In the course of its investigation, the EEOC issued a Determination Notice in which it found that "[Edmondson] was subjected to discrimination and harassment due to discriminatory comments, including but not limited to the use of racial slurs." See Exhibit 3.

52. The EEOC further found that "[Defendant] failed to take appropriate action after [Edmondson] complained about the harassing and discriminatory conduct." See Exhibit 3.

53. The EEOC further found that "there is reasonable cause to believe [Defendant] violated Title VII when [Edmondson] was subjected to discriminatory and harassing comments based on his race and when [Defendant] failed to take appropriate action after [Edmondson] complained." See Exhibit 3.

**COUNT I: RACE DISCRIMINATION**
(MHRA)

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

54. Edmondson realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

55. Defendant treated Edmondson, who is African-American, worse than it treated its Caucasian employees.

56. As an African-American, Edmondson is a member of a protected class under the MHRA.

57. Defendant unlawfully harassed and discriminated against Edmondson on the basis of his race when Edmonson's supervisor repeatedly referred to him using racial slurs.

58. Defendant unlawfully harassed and discriminated against Edmondson on the basis of his race when Edmonson's supervisor made comments about Popeyes and watermelon - comments based on racist stereotypes of African-Americans.

59. Defendant unlawfully discriminated against Edmondson on the basis of his race when it terminated his employment.

60. Edmondson's race was a motivating factor in Defendant's decision to harass him, discriminate against him, and terminate his employment.

61. At the time of his termination, Edmondson was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

62. Defendant, by its actions and failures to act, including but not limited to those described above, harassed and discriminated against Edmondson on the basis of race in violation of the MHRA.

63. As a result of Defendant's actions and failures to act described herein, Edmondson suffered emotional pain, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

64. In addition, Edmondson lost income and benefits of employment and has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

65. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Edmonson.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

**COUNT II: SEX/GENDER DISCRIMINATION**
(MHRA)

66. Edmondson realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

67. Defendant treated Edmondson, who is Male, differently and less well than it treated female and perceived heterosexual male employees.

68. By virtue of his male sex, Edmondson is a member of a protected class under the MHRA.

69. Defendant unlawfully harassed and discriminated against Edmondson on the basis of his sex when it made derogatory comments about his perceived sexual orientation against him and terminated his employment.

70. Edmondson's male sex was a motivating factor in Defendant's decision to harass him, discriminate against him, and terminate his employment.

71. At the time of his termination, Edmondson was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

72. Defendant's actions and omissions, as aforesaid, constitute unlawful employment practices in violation of the MHRA.

73. As a direct result of Defendant's unlawful employment practices, Edmondson has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

74. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT III: RELIGIOUS DISCRIMINATION
(MHRA)

75. Edmondson realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

76. Defendant treated Edmondson, who is Muslim, differently and less well than it treated its non-Muslim employees.

77. By virtue of his religion, Edmondson is a member of a protected class under the MHRA.

78. Defendant unlawfully harassed and discriminated against Edmondson on the basis of his religion when it made disparaging comments about his religious practices and subsequently terminated his employment.

79. Edmondson's religion was a motivating factor in Defendant's decision to harass him and terminate his employment.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

80. At the time of his termination, Edmondson was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

81. Defendant's actions and omissions, as aforesaid, constitute unlawful employment practices in violation of the MHRA.

82. As a direct result of Defendant's unlawful employment practices, Edmondson has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

83. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Edmondson.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

**COUNT IV: RETALIATION**
(MHRA)

84. Edmondson realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

85. Edmondson engaged in protected activity under the MHRA by complaining of unlawful harassment and discrimination to Defendant.

86. Defendant, by reassigning Edmondson to the "yard," refusing to take his reports to HR, attempting to delete Mr. Aubuchon's text to Edmondson referring to him as a "house n***a," refusing to investigate his reports once HR was made aware of the reports, and by its various actions and failures to act, including but not limited to those just described, retaliated

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

against Edmondson in violation of the MHRA. This retaliation included and culminated in the termination of Edmondson's employment.

87. As a direct result of Defendant's unlawful employment practices, Edmondson has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

88. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Edmondson.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT V: RACE DISCRIMINATION
(Title VII)

89. Edmondson realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

90. Defendant treated Edmondson, who is African-American, worse than it treated its Caucasian employees.

91. As an African-American, Edmondson is a member of a protected class under Title VII.

92. Defendant unlawfully harassed and discriminated against Edmondson on the basis of his race when Edmonson's supervisor repeatedly referred to him using racial slurs.

93. Defendant unlawfully harassed and discriminated against Edmondson on the basis of his race when Edmonson's supervisor made comments about Popeyes and watermelon - comments based on racist stereotypes of African-Americans.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

94. Defendant unlawfully discriminated against Edmondson on the basis of his race when it terminated his employment.

95. Plaintiff's race was a motivating factor in Defendant's decision to harass him, discriminate against him, and terminate his employment.

96. At the time of his termination, Plaintiff was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

97. Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff on the basis of race in violation of Title VII.

98. As a result of Defendant's actions and failures to act described herein, Plaintiff suffered emotional pain, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

99. In addition, Plaintiff lost income and benefits of employment and has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

100. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT VI: SEX/GENDER DISCRIMINATION

(Title VII)

101. Plaintiff realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

102. Defendant treated Plaintiff, who is male, differently and less well than it treated female and perceived heterosexual male employees.

103. By virtue of his male sex, Edmondson is a member of a protected class under Title VII.

104. Defendant unlawfully harassed and discriminated against Edmondson on the basis of his sex when it made derogatory comments about his perceived sexual orientation against him and terminated his employment.

105. Edmondson's male sex was a motivating factor in Defendant's decision to harass him, discriminate against him, and terminate his employment.

106. At the time of his termination, Edmondson was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

107. Plaintiff's male sex was a motivating factor in Defendant's decision to harass him and terminate his employment.

108. At the time of his termination, Plaintiff was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

109. Defendant's actions and omissions, as aforesaid, constitute unlawful employment practices in violation of Title VII.

110. As a direct result of Defendant's unlawful employment practices, Plaintiff has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

111. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Plaintiff.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

**COUNT VII: RELIGIOUS DISCRIMINATION**
(Title VII)

112. Plaintiff realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

113. Defendant treated Plaintiff, who is Muslim, differently and less well than it treated non-Muslim employees.

114. By virtue of his religion, Edmondson is a member of a protected class under Title VII.

115. Defendant unlawfully harassed and discriminated against Edmondson on the basis of his religion when it made disparaging comments about his religious practices and subsequently terminated his employment.

116. Edmondson's religion was a motivating factor in Defendant's decision to harass him and terminate his employment.

117. Plaintiff's religion was a motivating factor in Defendant's decision to harass him and terminate his employment.

118. At the time of his termination, Plaintiff was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

119. Defendant's actions and omissions, as aforesaid, constitute unlawful employment practices in violation of Title VII.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

120. As a direct result of Defendant's unlawful employment practices, Plaintiff has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

121. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT VIII: RETALIATION
(Title VII)

122. Plaintiff realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

123. Plaintiff engaged in protected activity under Title VII by complaining of unlawful discrimination to Defendant.

124. Defendant, by reassigning Edmondson to the "yard," refusing to take his reports to HR, attempting to delete Mr. Aubuchon's text to Edmondson referring to him as a "house n***a," refusing to investigate his reports once HR was made aware of the reports, and by its various actions and failures to act, including but not limited to those just described, retaliated against Edmondson in violation of Title VII. This retaliation included and culminated in the termination of Edmondson's employment.

125. As a direct result of Defendant's unlawful employment practices, Plaintiff has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

Electronically Filed - St Charles Circuit Div - July 16, 2026 - 03:02 PM

126. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

**Demand for Jury Trial**

Plaintiff requests for a trial by jury on all issues in this case which are so triable.

Respectfully submitted,

/s/*Thomas F. Herring*
Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*